UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE REINALDO ACOSTA ZELAYA (A No. 248 001 979),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-5466 DC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility in McFarland (ECF No. 1 at 3) proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

/////

/////

/////

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

I. Background

Petitioner, 29, is a native and citizen of Honduras. ECF No. 8-1 at 1. It appears petitioner entered the United States without authorization approximately 10 years ago at some unidentified location. ECF No. 1 at 3.

Petitioner was detained on June 10, 2026, in Baltimore and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 8-1 at 1-2. Petitioner has been in continuous ICE custody since his arrest. ECF No. 1 at 2. On-line Executive Office of Immigration Review records reveal petitioner is scheduled for an immigration hearing on September 9, 2026.

Petitioner's criminal record is as follows:

1. Charged with assault and battery of a family member in 2022, with charges being dropped.
2. Charged with driving while intoxicated in 2024. Pled guilty on June 10, 2025, and sentenced to probation.
3. Charged with assault and battery of a family member in 2025, with charges being dropped.
4. Charged with misdemeanor assault in 2025, with disposition deferred until August 17, 2026. It is not clear what, if anything, occurred on August 17, 2026.

ECF No. 8-2.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S.

289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Violation of 8 U.S.C. § 1226(a)

Respondents concede that failure to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) violates Ninth Circuit precedent. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). The only question remaining is remedy. It is reasonable that, in light of petitioner's conviction for driving while intoxicated and pending criminal charges, petitioner could be found to be a danger to the community and properly denied release at the required bond hearing. Accordingly, the appropriate remedy is requiring the Executive Office of Immigration Review to provide the legally required bond hearing. See Feng v. Lyons, No 1:26-cv-0235 DJC SCR, 2026 WL 472635 (E.D. Cal. Feb. 19, 2026) (release is not the appropriate remedy for failure to provide the hearing required under 8 U.S.C. § 1226(a) if the record before the court indicates petitioner could be found to be a risk of flight or a danger to the community).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. The Executive Office of Immigration Review be ordered to commence the bond hearing required under 8 U.S.C. § 1226(a) with 14 days of any order adopting these findings and recommendations.
3. Petitioner be permitted to have counsel present at the hearing and adequate time for preparation.
4. Counsel for respondents be ordered to inform the court of result of the hearing within five days of completion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
zela5466.imm.frs