UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE REINALDO ACOSTA ZELAYA (A-248-001-979),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05466-DC-CKD (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 10)

Petitioner, an immigration detainee prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 10.) Neither party filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has

reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody.[1] *See, e.g.*, *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

Accordingly, IT IS HEREBY ORDERED that:

[1] The magistrate judge concluded that the proper remedy is a bond hearing because, "in light of [P]etitioner's conviction for driving while intoxicated and pending criminal charges, [P]etitioner could be found to be a danger to the community and properly denied release at the required bond hearing." (Doc. No. 10 at 3.) However, this court does not typically rest its determination that a bond hearing, rather than release, is the appropriate remedy on what an immigration judge might determine as to Petitioner's flight or safety risk; instead, this court bases its determination on whether the facts surrounding Petitioner's detention were such that non-pretextual changed circumstances plausibly warranted immediate action by immigration authorities. Here, Petitioner's adjudicated driving while intoxicated charge and pending battery charge were brought more than 17-months and 14-months, respectively, before Petitioner's immigration detention. (Doc. Nos. 8-1, 8-2.) Respondents do not provide argument as to how these incidents established changed circumstances upon Petitioner's detention in June 2026. (Doc. No. 8.) Further, Petitioner was detained during a general traffic stop enforcement operation rather than an operation targeted at Petitioner because of these charges. (Doc. No. 8-1 at 2.) These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy. *See, e.g.*, *Zejada v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the respondents emphasized the petitioner's recent criminal history, and where the petitioner was detained by immigration authorities approximately six weeks after his arrest for the crime of threatening another with the intent to terrorize, for which he had a pending felony charge).

1. The findings and recommendations filed August 20, 2026 (Doc. No. 10), are ADOPTED IN PART;
2. Petitioner Jose Reinaldo Acosta Zelaya's (A-248-001-979) petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is GRANTED as follows;
    a. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody;
    b. Upon his release, Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
    d. Within three (3) days of the date of entry of this order, Respondents are ORDERED to file a notice of compliance with this court confirming that the Petitioner has been released from custody; and
    e. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 4, 2026**

Dena Coggins
United States District Judge